**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ Southern District of Texas _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **CAI Credit Insurance Agency, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 7 6 – 0 5 7 5 8 4 6 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2445 Technology Forest Blvd., Suite 800** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **The Woodlands          TX          77381** | |
| City          State          ZIP Code | City          State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| **Montgomery** | |
| County | Number          Street |
| | |
| | City          State          ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.conns.com** |

| Debtor | **CAI Credit Insurance Agency, Inc.** | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

4   4   2   2
__  __  __  __

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. **Check *all* that apply:**

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   **CAI Credit Insurance Agency, Inc.**
Name

Case number *(if known)* _____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.   District _____   When _____   Case number _____
                                                      MM / DD / YYYY

            District _____   When _____   Case number _____
                                                      MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.   Debtor   S e e   S c h e d u l e   1 _____   Relationship _____

    District _____   When _____
                                                           MM  /  DD  / YYYY

    Case number, if known _____

---

11. **Why is the case filed in *this* district?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number         Street

                               _____

                               _____   _____
                               City                        State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

█████ **Statistical and administrative information**

---

| Debtor | CAI Credit Insurance Agency, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

Check one:

✓ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ✓ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ✓ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ✓ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07 / 23 / 2024
MM / DD / YYYY

**✗** _____
Signature of authorized representative of debtor

**Norman L. Miller**
Printed name

Title President and Chief Executive Officer

Debtor    **CAI Credit Insurance Agency, Inc.**
Name

Case number *(if known)* _____

**18. Signature of attorney**     ✘    /s/ Duston McFaul _____

Signature of attorney for debtor

Date   07/23/2024 _____
MM/DD/YYYY

**Duston McFaul** _____
Printed name

**Sidley Austin LLP** _____
Firm name

**1000 Louisiana Street, Suite 6000** _____
Number       Street

**Houston** _____
City

**Texas** _____    **77002** _____
State      ZIP Code

**(713) 495-4516** _____
Contact phone

**dmcfaul@sidley.com** _____
Email address

**24003309** _____    **Texas** _____
Bar number       State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern District of Texas_____
(State)

Case number (*If known*): _____   Chapter 11

☐ Check if this is an
   amended filing

### Schedule 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Conn's, Inc.

Conn's, Inc.
Conn Appliances, Inc.
CAI Holding, LLC
Conn Lending, LLC
Conn Credit I, LP
Conn Credit Corporation, Inc.
CAI Credit Insurance Agency, Inc.
New RTO, LLC
W.S. Badcock LLC
W.S. Badcock Credit LLC
W.S. Badcock Credit I LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| CAI CREDIT INSURANCE AGENCY, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| **Equity Holder** | **Address of Equity Holder** | **Percentage of Equity Held** |
|---|---|---|
| CAI Holding, LLC | 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 11 |
| CAI CREDIT INSURANCE AGENCY, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| CAI Holding, LLC | 100% |

| Fill in this information to identify the case: |
| --- |
| Debtor Name:   CAI Credit Insurance Agency, Inc. |
| United States Bankruptcy Court for the:     Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   SAMSUNG 85 CHALLENGER RD RIDGEFIELD PARK, NJ  07660 | FAX: 201-229-5704 tl.young@sea.samsung.com; mark.louison@samsung.com r.robbins@sea.samsung.com | TRADE DEBT | | | | $20,914,185.81 |
| 2   LG ELECTRONICS 111 SYLVAN AVE ENGLEWOOD CLIFFS, NJ  07632 | PHONE: 888-865-3026 commdisplay@lgsupport.com | TRADE DEBT | | | | $13,859,867.18 |
| 3   GENERAL ELECTRIC COMPANY GE APPLIANCES, 28899 NETWORK PLACE CHICAGO, IL  60673-1288 | Glen.Chaves@geappliances.com | TRADE DEBT | | | | $13,361,866.14 |
| 4   INSTANT WEB LLC 7951 POWERS BLVD CHANHASSEN, MN  55317 | PHONE: 952-474-0961 sandie.harvard@iwco.com | TRADE DEBT | | | | $4,783,290.42 |
| 5   GOOGLE LLC 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA  94043-151 | PHONE: 650-253-0000 mgrabski@google.com | TRADE DEBT | | | | $4,105,783.18 |
| 6   STANDARD FURNITURE HOLDCO, LLC 125 HIGH STREET, 11TH FLOOR BOSTON, MA  02110 | deanwrightinc@gmail.com; bjones@albanyfurniture.com | TRADE DEBT | | | | $3,659,601.45 |
| 7   MTD PRODUCTS 5903 GRAFTON RD VALLEY CITY, OH  44280 | PHONE: 330- 225-2600 newsuppliers@mtdproducts.com | TRADE DEBT | | | | $3,508,579.76 |
| 8   SHERWOOD SOUTHEAST 3670 8TH ST., #300 ORLANDO, FL  32827 | PHONE: 407-816-1978 tzimpleman@sherwwodbed.com | TRADE DEBT | | | | $3,210,975.00 |

Debtor:  CAI Credit Insurance Agency, Inc.

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  MAN WAH MACAO COMMERCIAL RM J & K 19/F, PRACA WONG CHIU 411-417, ALAMADA DR CARLOS D'ASSUMPCAO MACAU  CHINA | PHONE: 853-28753152 bomorrison@manwahusa.com; jan@manwahgroup.com; vn-sales06@manwahgroup.com | TRADE DEBT | | | | $2,887,852.71 |
| 10  THE TORO COMPANY 8111 LYNDALE AVE. S BLOOMINGTON, MN  55420-1196 | PHONE: 952-888-880 matt.colby@toro.com | TRADE DEBT | | | | $2,845,808.58 |
| 11  FRIGIDAIRE COMPANY 10200 DAVID TAYLOR DR. CHARLOTTE, NC  28262-2373 | PHONE: 800-374-4432 customerservice@frigidaire.com | TRADE DEBT | | | | $2,808,452.41 |
| 12  IPFS CORPORATION 30 MONTGOMERY ST., STE. 501 JERSEY CITY, NJ  07302 | PHONE: 201-557-4625 Joseph.presley@stephens.com | TRADE DEBT | | | | $2,520,129.83 |
| 13  CORINTHIAN INC 41 HENSON RD CORINTH, MS  38834-1423 | PHONE: 662-287-7835 hfoster@corinthianfurn.com | TRADE DEBT | | | | $2,444,250.61 |
| 14  HACKNEY HOME FURNISHINGS 1132 CAMPBELL DR SNEEDVILLE, TN  37869 | Quotes@hhome.us.com | TRADE DEBT | | | | $1,798,616.01 |
| 15  VOGUE HOME FURNISHINGS 4155 DUNDEE RD NORTHBROOK, IL  60062 | grey.vhf@gmail.com | TRADE DEBT | | | | $1,777,925.00 |
| 16  TRANSWORLD SYSTEMS INC 500 VIRGINIA DR., #514 FORT WASHINGTON, PA  19034 | PHONE: 877-865-7686 kevin.lindauer@tsico.com | TRADE DEBT | | | | $1,704,349.43 |
| 17  ELEMENTS INTL GROUP LLC 2250 SKYLINE DR. MESQUITE, TX  75149 | PHONE: 877- 575-3888 FAX: 972-692-7238 | TRADE DEBT | | | | $1,344,429.40 |
| 18  US TRANSPORT CORP 103 N MAIN STREET GREENVILLE, SC  29601 | jcoman@uste3.com | TRADE DEBT | | | | $1,283,964.69 |
| 19  CROWN MARK INC 10881 S. SAM HOUSTON PARKWAY W. HOUSTON, TX  77031 | PHONE: 832-295-9500 joseph@crownmark.com | TRADE DEBT | | | | $1,228,078.54 |
| 20  TEMPURPEDIC 1000 TEMPUR WAY LEXINGTON, KY  40511 | PHONE: 888-811-5053 deanna.luzzo@tempursealy.com | TRADE DEBT | | | | $1,176,181.98 |
| 21  JASON FURNITURE (K-MOTION) NO. 113, 11TH STREET, XIASHA ZHEJIANG CHINA | PHONE: 011-86-571 85016595 FAX: 011-86-571 85016595 | TRADE DEBT | | | | $1,171,928.00 |
| 22  CONTINENTAL SILVERLINE PRODUCTS. LLC 710 N. DRENNAN ST. HOUSTON, TX  77003-1321 | PHONE: 713-222-7394 rortiz@silverlinesleep.com | TRADE DEBT | | | | $1,120,567.28 |
| 23  STYLELINE FURN INC 116 S.GODFREY RD VERONA, MS  38879 | PHONE: 662-566-1113 FAX: 662-350-7329 cservice@styleline.us | TRADE DEBT | | | | $1,111,426.98 |

Debtor:  CAI Credit Insurance Agency, Inc.

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24  HARVEST STRATEGY GROUP, INC 1776 LINCOLN STREET DENVER, CO  80203 | PHONE: 303-531-0654 info@harveststrategygroup.com | TRADE DEBT | | | | $1,100,597.47 |
| 25  SHERWOOD SOUTHWEST, LLC 400 TITTLE DR., BLDG. A LEWISVILLE, TX  75056 | PHONE: 972-242-2337 tzimpleman@sherwwodbed.com | TRADE DEBT | | | | $1,089,006.28 |
| 26  WHIRLPOOL CORPORATION 2000 NORTH M-63 MAIL DROP 500 BENTON HARBOR, MI  49022 | alessandro_perucchetti@whirlpool.com | TRADE DEBT | | | | $1,086,357.10 |
| 27  RECODE SOLUTIONS LLC 2500 WILCREST DR, #300 HOUSTON, TX  77042 | info@recodesolutions.com | TRADE DEBT | | | | $1,058,731.94 |
| 28  CAMELOT COMMUNICATIONS, LTD. 8140 WALNUT HILL LN. DALLAS, TX  75231 | PHONE: 214-373-6999 arichter@camelotsmm.com | TRADE DEBT | | | | $1,053,041.39 |
| 29  LIFE OF THE SOUTH ATTN PRESIDENT 100 WEST BAY ST JACKSONVILLE, FL  32202 | PHONE: 904-350-9660 Abusch@fortegra.com | TRADE DEBT | | | | $926,183.39 |
| 30  RESIDENT HOME LLC 801 CALIFORNIA ST. MOUNTAIN VIEW, CA  94041 | PHONE: 833-701-1492 info@residenthome.com | TRADE DEBT | | | | $924,349.44 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **CAI Credit Insurance Agency, Inc.** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document(s) that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      07 / 23 / 2024                    _____
                          MM/ DD/YYYY                        Signature of individual signing on behalf of debtor

                                                            **Norman L. Miller**
                                                            Printed name

                                                            **President and Chief Executive Officer**
                                                            Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNANIMOUS OMNIBUS WRITTEN CONSENT OF THE BOARDS
OF CONN'S, INC. AND CERTAIN OF ITS SUBSIDIARIES**

**July 23, 2024**

The undersigned, being all of the boards of directors, boards of managers, general partners, and/or member(s), as applicable (each, a "<u>Board</u>" and collectively, the "<u>Boards</u>") of each of the entities listed on **<u>Exhibit A</u>** hereof (collectively, the "<u>Company</u>") seek to consent to, adopt and approve the following resolutions and the actions described herein with respect to the Company by written consent (this "<u>Unanimous Written Consent</u>").

**WHEREAS**, pursuant to applicable state law and each of the Company's Amended and Restated Bylaws (the "<u>Bylaws</u>"), Limited Partnership Agreements (the "<u>LP Agreements</u>") or Limited Liability Company Agreements (the "<u>LLC Agreements</u>", and together with the Bylaws and LP Agreements, collectively, the "<u>Operating Documents</u>"), as applicable, the Boards are authorized to consent to, adopt and approve the following resolutions and each and every action effected thereby;

**WHEREAS**, the Boards have considered certain materials presented by, or on behalf of, the Company's management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company;

**WHEREAS**, the Boards have reviewed and considered presentations by Management and the Advisors regarding strategic alternatives, including, without limitation, transactions that could take the form of a refinancing, recapitalization, restructuring of the indebtedness of the Company and its subsidiaries, commencing potential insolvency proceedings, a chapter 11 plan, or a sale of all or substantially all of the assets of the Company as a going-concern and/or as part of an orderly liquidation (collectively, the "<u>Potential Strategic Alternatives</u>" and each, a "<u>Potential Strategic Alternative</u>");

**WHEREAS**, the Company has pursued numerous Potential Strategic Alternatives;

**WHEREAS**, the Boards have reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>");

**WHEREAS**, the Company desires to negotiate, execute, deliver, and perform under a debtor-in-possession financing facility by and among the Company, on one hand, and JPMorgan Chase Bank, N.A., as administrative agent and collateral agent (the "<u>DIP Agent</u>"), and the lenders from time to time thereunder (the "<u>DIP Lenders</u>"), on the other hand, (the "<u>DIP Facility</u>") and enter into all agreements, instruments, certificates, pledges, applications, supplements, reports, notices and documents constituting exhibits or schedules to or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Facility (the "<u>DIP Facility Documents</u>") to consummate the transaction and one or more borrowings contemplated thereby (the "<u>DIP Loans</u>");

**WHEREAS,** the Boards deem it desirable and in the best interest of the Company to elect Mark Renzi as the Chief Restructuring Officer of Conn's, Inc. ("Conn's"), effective as of the date hereof, until his successor is duly appointed or until his earlier resignation, death, or removal from such office; and

**WHEREAS**, the Boards have determined, in the judgment of the Boards, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

## 1.    **DIP Facility**

**NOW, THEREFORE, BE IT RESOLVED** that the Company be, and hereby is, authorized, directed, and empowered to enter into the DIP Facility Documents, on terms and conditions substantially similar to those set forth in the form of DIP Facility Documents previously provided and/or described to the Board, and to perform all of its obligations thereunder, including the incurrence of the indebtedness thereunder, borrowing and repaying DIP Loans, the guaranty by the Company of the obligations thereunder and the grant of security interests in and liens upon certain assets of the Company now or hereafter owned as contemplated by DIP Facility Documents in favor of the DIP Agent and DIP Lenders;

**RESOLVED FURTHER**, that (i) the form, terms and provisions of the DIP Facility Documents, (ii) the execution, delivery and performance thereof, and (iii) the consummation of the transactions related thereto is hereby authorized and approved in all respects, and each of the Authorized Persons (as defined below), any of whom may act without any of the others, be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to enter into, execute, deliver and perform under, the DIP Facility Documents and any amendments or modifications thereto, with such changes, modifications, additions, deletions and amendments thereto as any Authorized Persons in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

**RESOLVED FURTHER**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Persons be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to take or cause to be taken all such further action including, without limitation, to arrange for, enter into or grant amendments and modifications to and waivers of the DIP Facility Documents, and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, assignments, notices, financing statements and other documents, relating to the DIP Facility contemplated by the DIP Facility Documents, and to execute and deliver all such further amendments (including any incremental amendments and upsizes), modifications, waivers, supplemental agreements, instruments, notes, or any other financing documents, as may be called for under or in connection with the DIP Facility Documents, that may be determined by such Authorized Persons to be necessary or desirable, containing such terms and conditions and other provisions consistent with the DIP Facility Documents, in the name and on behalf of the Company, and to pay all such indemnities, fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform the Company's obligations under or in connection with the DIP Facility Documents and the transactions contemplated thereby; and

**FURTHER RESOLVED**, that all actions taken by any of the Authorized Persons of the Company prior to the date of this consent, which are within the authority conferred hereby are hereby in all respects authorized, ratified, confirmed, and approved.

2.  **Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

**FURTHER RESOLVED**, that the members of the Boards have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**FURTHER RESOLVED**, that in the judgment of the Boards, it is desirable and in the best interests of the Company, their interest holders, subsidiaries, creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Restructuring Matters") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") for the Company, on or after July 21, 2024; and, in accordance with the requirements of the Company's Operating Documents and applicable law, hereby consent to, authorize, and approve, the filing of the Bankruptcy Petitions; and

**FURTHER RESOLVED**, that any director or duly appointed officer of the Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

3.  **Authorization to Pursue Store Closing Strategy**

**FURTHER RESOLVED**, that in conjunction with the analysis of store performance, each Authorized Person, acting on behalf of the Company and with the assistance of the Company's management team, in the exercise of sound business judgment and in consultation with the Company's advisors, may determine that it is appropriate to close and wind down, to the extent necessary, some, all, or a significant number of store locations to increase liquidity, maximize cost savings, strengthen the Company's overall financial position, and maximize the value of the Company's bankruptcy estate.

4.  **Appointment of Chief Restructuring Officer**

**FURTHER RESOLVED**, that Mark Renzi, be and hereby is, appointed the Chief Restructuring Officer of Conn's, as of the date hereof, in accordance with the terms and conditions of an engagement letter (the "Engagement Letter"), substantially the form distributed to the Boards prior to the date hereof, which terms and conditions shall be and are hereby incorporated by reference; and

**FURTHER RESOLVED**, that, in accordance with the Engagement Letter, Mr. Renzi shall report to the Board of Conn's and shall have such authority as is provided for in the Engagement Letter.

## 5.     Retention of Professionals

**FURTHER RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as legal counsel; (ii) the financial advisory firm of BRG Capital Advisors LLC, to provide interim management services to the Company; (iii) the investment banking firm of Houlihan Lokey, Inc., as investment banker; (iv) Epiq Corporate Restructuring LLC, as noticing and claims agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

## 6.     Amendment of Conn Lending LLCA

**FURTHER RESOLVED**, that the sole member (the "Member") of Conn Lending, LLC ("Conn Lending") hereby approves and agrees to amend the LLC Agreement of Conn Lending by adding a new section 18 to such LLC Agreement, which shall state as follows:

> "The bankruptcy of any Member will not cause such Member to cease to be a member of the Company and upon the occurrence of such an event, the business of the Company shall continue without dissolution."

## 7.     Further Actions and Prior Acts

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Matters and the Potential Strategic Alternatives;

**FURTHER RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such

Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**, that the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Boards.

*[Remainder of page has been intentionally left blank]*

**IN WITNESS WHEREOF**, the undersigned have executed this consent to be effective on the date first set forth above.

CONN'S, INC.

_Ann B. Gugino_
Ann B. Gugino

_Karen Hartje_
Karen Hartje

_James Haworth_
James H. Haworth

_Bob L. Martin_
Bob L. Martin

_Douglas H. Martin_
Douglas H. Martin

_[signature]_
Norman Miller

_David Schofman_
David Schofman

_Oded Shein_
Oded Shein

_William E. Saunders, Jr._
William E. Saunders, Jr.

Being all of the members of the Board of Directors

**CONN APPLIANCES, INC.**

Norman Miller

Being the sole member of the Board of Directors

**CAI HOLDING, LLC**

Conn Appliances, Inc.
its Sole Member

By: _____
Name: Norman Miller
Title:   President and Chief Executive Officer

**CONN LENDING, LLC**

By: _____
Name: Carrie Tillman
Title:   Manager

**CONN CREDIT I, LP**

CAI Holdings, LLC
its General Partner

By: _____
Name: Norman Miller
Title:   President and Chief Executive Officer

**CONN CREDIT CORPORATION, INC.**

Norman Miller

Being the sole member of the Board of Directors

*Signature page to Unanimous Written Consent of the Boards of Directors of*
*Conn's, Inc. and Certain of its Subsidiaries*

**CONN APPLIANCES, INC.**

_____
Norman Miller

Being the sole member of the Board of Directors

**CAI HOLDING, LLC**

Conn Appliances, Inc.
its Sole Member

By: _____
Name:  Norman Miller
Title:   President and Chief Executive Officer

**CONN LENDING, LLC**

By: *Carrie Tillman*
Name:  Carrie Tillman
Title:   Manager

**CONN CREDIT I, LP**

CAI Holdings, LLC
its General Partner

By: _____
Name:  Norman Miller
Title:   President and Chief Executive Officer

**CONN CREDIT CORPORATION, INC.**

_____
Norman Miller

Being the sole member of the Board of Directors

**CAI CREDIT INSURANCE AGENCY, INC.**

Norman Miller

Being the sole member of the Board of Directors

**NEW RTO, LLC**

Conn Appliances, Inc.
its Sole Member
By:
Name:  Norman Miller
Title:    President and Chief Executive Officer

**W.S. BADCOCK LLC**

Conn Appliances, Inc.
its Sole Member
By:
Name:  Norman Miller
Title:    President and Chief Executive Officer

**W.S. BADCOCK CREDIT LLC**

W.S. Badcock LLC
its Sole Member
By:
Name:  Norman Miller
Title:    President and Chief Executive Officer

**<u>W.S. BADCOCK CREDIT I LLC</u>**

W.S. Badcock LLC
its Sole Member

By: _____
Name:  Norman Miller
Title:    President and Chief Executive Officer

## **Exhibit A**

Conn's, Inc.
Conn Appliances, Inc.
CAI Holding, LLC
Conn Lending, LLC
Conn Credit I, LP
Conn Credit Corporation, Inc.
CAI Credit Insurance Agency, Inc.
New RTO, LLC
W.S. Badcock LLC
W.S. Badcock Credit LLC
W.S. Badcock Credit I LLC